# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| JASON BENDA and <br> DR. YUAN YUAN XIE, | ) <br> ) Case No. <br> ) |
| Plaintiffs, | ) JURY TRIAL DEMANDED <br> ) |
| vs. | ) <br> ) |
| SADLER RENTALS, LLC, and <br> TIMOTHY SADLER | ) <br> ) <br> ) |
| Defendants. | ) |

## COMPLAINT

COME NOW plaintiffs, Jason Benda and Dr. Yuan Yuan Xie, through counsel, and state as follows as and for their Complaint against Sadler Rentals, LLC and Timothy Sadler:

1. Jason Benda and Dr. Yuan Yuan Xie (the "Bendas") are husband and wife and residents of Cape Girardeau County, Missouri. Dr. Xie was born in China, immigrated to the United States and is of Chinese ethnic descent.

2. Sadler Rentals, LLC ("Sadler Rentals") is a Missouri limited liability doing business and owning property in Cape Girardeau County, Missouri.

3. Timothy Sadler ("Sadler") is the managing member of Sadler Rentals, and upon information and belief, solely controls its business dealings.

4. Sadler is Caucasian.

5. Jurisdiction and venue are proper in this Court.

6. The Bendas are the owners of real property and improvements thereon located at 2191 Aberdine Circle, Jackson, MO 63755, where they reside (the "Benda Residence").

7. Sadler Rentals previously owned real property located at 550 E. Deerwood Drive, Jackson, MO 63755 (the "Deerwood Lot").

8. The Deerwood Lot is an undeveloped lot that is directly adjacent to the Benda Residence.

9. The Deerwood Lot is also located between the Benda Residence and three other lots owned by Sadler Rentals upon which members of Sadler's family reside.

10. The Bendas intended to acquire the Deerwood Lot.

11. The Bendas inquired with Sadler concerning the Bendas' interest in purchasing the Deerwood Lot.

12. Sadler was familiar with the Bendas either personally and/or through a real estate agent. It quickly became clear to the Bendas that Sadler was unwilling to negotiate the sale of the Deerwood Lot with them.

13. After concluding that Sadler was not willing to sell the Deerwood Lot to the Bendas, the Bendas arranged with a third party, Noel Travis Smith ("Smith") to have Smith enter into a contract with Sadler Rentals for the purchase of the Deerwood Lot, but that the Bendas would pay the purchase price and Smith would transfer the Deerwood Lot to the Bendas at or after closing.

14. Thereafter, Sadler agreed to sell the Deerwood Lot to Smith for $100,000.00.

15. Smith and Sadler memorialized the agreement by way of text communications and a written contract titled "Contract for the Sale of Real Estate" which was provided to Sadler.

16. Smith and Sadler proceeded toward a closing of the sale agreement for the Deerwood Lot, including coordination with a title company, Sadler Rental's obtaining a lien

release in order to clear an encumbrance from the title, and Sadler's provision of bank account wiring information for the sale proceeds.

17. Just prior to closing, Sadler learned that the Bendas were wiring the purchase price for the sale of the Deerwood Lot, and communicated to Smith that he was no longer interested in selling the Deerwood Lot.

18. Sadler Rentals thereafter refused to close the sale of the Deerwood Lot to Smith.

19. After Sadler Rentals refused to close on the sale of the Deerwood Lot to Smith, Sadler and the Bendas began negotiations for Sadler Rentals's sale of the rear part of the Deerwood Lot to the Bendas. Specifically, Sadler and Bendas negotiated concerning the rear approximately 80% of the Deerwood Lot. The rear part of the lot would not be directly adjacent to the other Sadler Rentals's lots where Sadler's family resides.

20. Sadler Rentals and the Bendas thereafter entered into an agreement for the Bendas to purchase only the rear 80% of the Deerwood Lot for $75,000.00.

21. After his refusal to cause Sadler Rentals to close on the sale of the Deerwood Lot to Smith, and after entering into the agreement for the rear lot, Sadler and other agents of Sadler Rentals began removing trees and shrubbery from the Deerwood Lot, rendering the adjacent lot less appealing to the Bendas, who reside next to the Deerwood Lot.

22. Thereafter, the Bendas and Sadler continued to negotiate the sale of the entire Deerwood Lot.

23. Ultimately, despite its prior willingness to sell the entire Deerwood Lot to Smith for $100,000.00 just months earlier, Sadler Rentals refused to sell the Deerwood Lot to the Bendas for an amount less than $130,000.00.

24. On or about September 30, 2022, Sadler Rentals and the Bendas entered into a contract pursuant to which the Deerwood Lot would be sold to the Bendas for $130,000.00 (the "Sale Contract"). A true and accurate copy of the sale Contract is attached hereto as **Exhibit 1** and incorporated herein by reference.

25. Prior to the closing of the Sale Contract, Sadler and/or Sadler Rentals caused debris to be dumped on the Deerwood Lot, including discarded concrete.

26. Sadler Rentals and the Bendas closed on the Sale Contract on October 21, 2022, for the sale price of $130,000.00.

### COUNT I – DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

27. Plaintiffs incorporate the allegations contained in paragraphs 1 through 26 of their Complaint as if fully restated herein.

28. Section 1 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, prohibits discrimination in the making and enforcement of private contracts:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

29. Section 1981 prohibits private refusals to contract with persons on the basis of race, ancestry or ethnicity.

30. In refusing to close on the sale of the Deerwood Lot to Smith upon learning that the Bendas were paying the purchase price of $100,000.00, and then requiring the Bendas to pay $130,000.00 for the same property in the same or worse condition, Sadler and Sadler Rentals violated 42 U.S.C. § 1981 by discriminating against the Bendas on the basis of Dr. Xie's race and ethnicity.

31. Sadler and Sadler Rentals's animus in this regard was evidenced by his immediate refusal to close on the sale with Smith upon learning the identity of the ultimate recipient of the lot, and the fact that the Bendas expressed an interest in leaving the Deerwood Lot undeveloped, so as not to interfere with any use of Sadler Rentals's other adjacent lots.

32. The only distinction between the sale of the Deerwood Lot to Smith and the sale to the Bendas is that Smith is Caucasian and Dr. Xie is Asian.

33. Dr. Xie's race and ethnicity was the sole or substantial motivating factor in the price of the Deerwood Lot.

34. As a direct result of Dr. Xie's race and ethnicity, and the actions of Sadler and Sadler Rentals, the Bendas have been damaged, including but not limited to the increased price of the Deerwood Lot.

WHEREFORE, plaintiffs Jason Benda and Dr. Yuan Yuan Xie pray this Court enter judgment in their favor and against Defendants Sadler Rentals, LLC and Timothy Sadler, jointly and severally, in an amount to be determined at trial, for an award of punitive damages against Defendants in an amount as will deter Defendants and others from engaging in similar egregious conduct in the future, for their costs incurred herein, and for such other and further relief as the Court deems just and proper.

## **COUNT II – BREACH OF CONTRACT**

35. Plaintiffs incorporate the allegations contained in paragraphs 1 through 34 of their Complaint as if fully restated herein.

36. The Sale Contract provides that "Seller shall conduct the operation of the Property in the ordinary course of business and, until Closing, will keep the Property, including all fixtures

and equipment thereon, in the same order and condition as it is as of the date of this Agreement." See Exhibit 1, Section 6(k).

37. After the execution of the Sale Contract and prior to closing, Sadler Rentals caused certain materials to be dumped on the Deerwood Lot, including discarded concrete.

38. The Deerwood Lot was not previously used for dumping purposes prior to the date of the Sale Contract.

39. The Bendas, through counsel, requested that Sadler Rentals remove the discarded concrete prior to closing on the Sale Contract.

40. Sadler Rentals failed and refused to remove the discarded concrete from the Deerwood Lot prior to closing.

41. Sadler Rentals breached the Sale Contract as a result thereof.

42. The Bendas have been damaged as a result of the failure and refusal to remove the debris from the Deerwood Lot.

43. The Bendas are entitled to recovery of their attorneys' fees herein pursuant to Section 9 of the Sale Contract.

WHEREFORE, plaintiffs Jason Benda and Dr. Yuan Yuan Xie pray this Court enter judgment in their favor and against Defendant Sadler Rentals, LLC, in an amount to be determined at trial, for their costs and attorneys' fees incurred herein, and for such other and further relief as the Court deems just and proper.

DANNA MCKITRICK, P.C.

BY: /s/ Jeffrey R. Schmitt
Jeffrey R. Schmitt, #52966MO
7701 Forsyth Blvd., Suite 1200
St. Louis, MO  63105-3907
(314) 726-1000/(314) 725-6592 fax
E-Mail:  jschmitt@dmfirm.com
**ATTORNEYS FOR PLAINTIFFS**