UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JASON BENDA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:22-CV-167-ACL |
| ) | |
| SADLER RENTALS, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiffs Jason Benda and Dr. Yuan Yuan Xie brought this discrimination action against Defendants Sadler Rentals, LLC, and Timothy Sadler. Presently before the Court is Defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted. (Doc. 6.) Plaintiffs oppose the Motion. (Doc. 8.)

**I.     Background**[1]

Plaintiffs Jason Benda and Dr. Yuan Yuan Xie ("Bendas") are husband and wife and residents of Cape Girardeau County, Missouri. Dr. Xie was born in China, immigrated to the United States, and is of Chinese ethnic descent. Defendant Timothy Sadler is the managing member of Sadler Rentals, a Missouri limited liability company doing business and owning property in Cape Girardeau County, Missouri. Mr. Sadler is Caucasian.

The Bendas are the owners of real property located in Jackson, Missouri, where they reside ("Benda Residence"). Sadler Rentals previously owned real property located at 550 E.

---

[1] The facts that follow are based on the allegations set out in Plaintiffs' Complaint, and are considered true for the purpose of the instant Motion.

1

Deerwood Drive in Jackson, Missouri ("Deerwood Lot").   The Deerwood Lot is an undeveloped lot that is directly adjacent to the Benda Residence.   The Deerwood Lot is also located between the Benda Residence and three other lots owned by Sadler Rentals upon which members of Mr. Sadler's family reside.

The Bendas were interested in acquiring the Deerwood Lot.   The Bendas inquired with Mr. Sadler concerning their interest in purchasing the property.   Mr. Sadler was familiar with the Bendas "either personally and/or through a real estate agent."   (Doc. 1 at 2.)   Mr. Sadler was unwilling to negotiate the sale of the Deerwood Lot with the Bendas.

The Bendas arranged with a third party, Noel Travis Smith, to have Mr. Smith enter into a contract with Sadler Rentals for the purchase of the Deerwood Lot, with the understanding that the Bendas would pay the purchase price and Mr. Smith would thereafter transfer the property to the Bendas.   Mr. Sadler agreed to sell the Deerwood Lot to Smith for $100,000.   Mr. Smith and Mr. Sadler memorialized the agreement by way of text communications and a written contract.   Just prior to closing, Mr. Sadler learned that the Bendas were wiring the purchase price for the sale, and communicated to Mr. Smith that he was no longer interested in selling the Deerwood Lot.   Sadler Rentals thereafter refused to close the sale.

Mr. Sadler and the Bendas then began negotiations for Sadler Rental's sale of the rear approximately 80 percent portion of the Deerwood Lot to the Bendas.   The parties entered into an agreement for the Bendas to purchase the rear 80 percent of the Deerwood Lot for $75,000.   Mr. Sadler and other agents of Sadler Rentals began removing trees and shrubbery from the Deerwood Lot, rendering the adjacent lot less appealing to the Bendas.   Thereafter, the Bendas and Mr. Sadler continued to negotiate the sale of the entire Deerwood Lot.

Despite its prior willingness to sell the entire Deerwood Lot to Mr. Smith for $100,000, Sadler Rentals refused to sell the Deerwood Lot to the Bendas for an amount less than $130,000. On September 30, 2022, Sadler Rentals and the Bendas entered into a contract pursuant to which the Deerwood Lot would be sold to the Bendas for $130,000 ("Contract"). Prior to the closing of the Sale, Mr. Sadler and/or Sadler Rentals caused debris to be dumped on the Deerwood Lot, including discarded concrete. The parties ultimately closed on the Contract on October 21, 2022, for the sale price of $130,000.

Plaintiffs' Complaint alleges two counts. First, Plaintiffs assert a race discrimination claim in violation of 42 U.S.C. § 1981. Plaintiffs claim that, in refusing to close on the sale of the Deerwood Lot to Smith upon learning that the Bendas were paying the purchase price of $100,000, and then requiring the Bendas to pay $130,000 for the same property in the same or worse condition, Mr. Sadler and Sadler Rentals violated section 1981 by discriminating against the Bendas on the basis of Dr. Xie's race and ethnicity.

Plaintiffs next assert a breach of contract claim. They allege that Sadler Rentals breached the Contract by causing materials to be dumped on the Deerwood Lot after the execution of the Contract and prior to closing, and then refusing to remove the discarded concrete from the Deerwood Lot prior to closing.

In their Motion to Dismiss, Defendants argue that the Complaint should be dismissed for failure to state a claim upon which relief can be granted, because the allegations fail to satisfy minimum pleading requirements. Plaintiffs respond that the Complaint states a cause of action that is plausible on its face.

## II. Legal Standard

"To survive a motion to dismiss for failure to state a claim, the complaint must show the plaintiff 'is entitled to relief,' Fed. R. Civ. P. 8(a)(2), by alleging 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *In re Pre-Filled Propane Tank Antitrust Litig.*, 860 F.3d 1059, 1063 (8th Cir. 2017) (en banc) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In reviewing a Rule 12(b)(6) motion, the Court accepts all factual allegations as true and construes all reasonable inferences in the light most favorable to the nonmoving party. *Usenko v. MEMC LLC*, 926 F.3d 468, 472 (8th Cir. 2019), *cert. denied*, 140 S. Ct. 607 (2019). The Court does not, however, accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts. *Waters v. Madson*, 921 F.3d 725, 734 (8th Cir. 2019).

## III. Discussion

Defendants first argue that Plaintiffs have failed to plead a case of action for racial discrimination under section 1981. They next argue that Plaintiffs fail to state a claim for breach of contract. The undersigned will discuss these claims in turn.

### 1. Racial Discrimination (Count I)

Defendants argue that Plaintiffs have not properly pled a cause of action for discrimination under section 1981 because Defendants did not refuse to enter into a contract with Plaintiffs. Instead, Defendants state that the parties "engaged in back-and-forth the negotiations until they reached a mutually agreeable sales price." (Doc. 7 at 5-6.) They offer the following additional facts to support this claim:

> When Defendants discovered that the straw man was a front for the Plaintiffs, defendants did not want to negotiate with Plaintiffs because of their deceit in

> using the straw man.   Additionally, defendants knew and had previously done business with the Plaintiffs' straw man and defendants had confidence in the straw man's ability to secure financing for the purchase of the property.

*Id.* at 5.   Defendants next argue that Plaintiffs' have failed to allege the proper "but for" standard to state a claim for racial discrimination.   Finally, Defendants contend that Timothy Sadler is not a proper defendant in this matter.

Plaintiffs respond that Defendants improperly rely on facts not pleaded in the Complaint and assert fact disputes in support of their Motion.   They argue that they have adequately pleaded a cause of action under section 1981, and that Timothy Sadler is a proper party defendant.

In relevant part, Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts ... as is enjoyed by white citizens...."  42 U.S.C. § 1981(a).   In this context, "the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  42 U.S.C. § 1981(b).   This right to contract is "protected against impairment by nongovernmental discrimination...."

To state a *prima facie* case of discrimination under section 1981, a plaintiff must establish (1) he or she is a member of a protected group; (2) the defendant intended to discriminate against him or her on the basis of race; and (3) the discrimination concerned an area enumerated by the statute.   *Williams v. Lindenwood Univ.*, 288 F.3d 349, 355 (8th Cir. 2002) (quoting 42 U.S.C. § 1981(b)).   Under § 1981, a plaintiff bears the burden of showing race was

5

a but-for cause of his or her injuries.  *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 140 S. Ct. 1009, 1014-15 (2020).

Plaintiffs allege that Dr. Xie is a member of a protected group (Asian), and that Defendants intended to discriminate against Dr. Xie and Mr. Benda on the basis of Dr. Xie's race.  Defendants do not appear to dispute that the first and second elements have been adequately alleged.  Instead, Defendants argue that Plaintiffs have not alleged facts showing interference with the right to contact because the Contract at issue was completed.  Defendants cite no authority in support of their argument that a completed contract precludes a claim for discrimination under section 1981.

As Plaintiffs point out, courts have found that completed transactions give rise to cognizable claims for discrimination under section 1981.  *See, e.g. Cody v. Union Elec.*, 518 F.2d 978, 979 (8th Cir. 1975) (allegation that black customers of defendant were required to pay greater security deposits than white customers solely on account of their race found sufficient to survive a motion to dismiss); *Barrett v. United Ins. Co. of Am., Inc.*, 418 F. Supp. 3d 1274, 1282–83 (S.D. Ga. 2019) (plaintiff's allegation that insurance policy sold to her by defendant was inferior to policies sold to Caucasians sufficient to assert plausible claim under section 1981).

Here, Plaintiffs argue that Defendants would not sell the Deerwood Lot to them for the same price as they agreed to sell the property to Smith, a Caucasian.  Defendants cite no law in support of the proposition that the subsequent sale at a thirty percent higher cost to Plaintiffs precludes Plaintiffs' claim.  Thus, Defendants' Motion is denied on this basis.

Defendants next accurately note that Plaintiffs bear the burden of showing race was a but-for cause of their injuries.  *Comcast Corp.*, 140 S. Ct. at 1014-15.   The Complaint alleges that Defendants refused to close on the sale of the Deerwood Lot as soon as they learned their identity and that the "only distinction between the sale of the Deerwood Lot to Smith and the sale to the Bendas is that Smith is Caucasian and Dr. Xie is Asian."   (Doc. 1 at 5.)   Plaintiffs' allegations sufficiently assert that race was the but-for cause of Defendants' refusal to sell them the Deerwood Lot for $100,000.

Finally, Defendants argue that Timothy Sadler is not a proper party to this action, because he was not a party to the sale of the Deerwood Lot and was not a signatory on the Contract.

The Eighth Circuit has not directly addressed the issue of individual liability on claims under § 1981.   *See Habben v. City of Fort Dodge*, 472 F. Supp.2d 1142, 1155 (N.D. Iowa 2007). Other district courts and circuits have held that individuals may be subject to liability if they "are personally involved in the discrimination against a plaintiff, and if they intentionally caused an employer to infringe on a plaintiff's section 1981 rights, or if they authorized, directed, or participated in the alleged discriminatory conduct."   *Jones v. Forrest City Grocery, Inc.*, 2008 WL 2717738, at *5 (E.D. Ark. June 26, 2008).

The Complaint sets forth the following allegations regarding Mr. Sadler:   Mr. Sadler is the managing member of Sadler Rentals and solely controls its business dealings; Mr. Sadler "was familiar with the Bendas;" the Bendas "inquired with [Mr.] Sadler" concerning the Bendas' interest in purchasing the Deerwood Lot; Mr. Sadler was not willing to sell the Deerwood Lot to the Bendas; Mr. Sadler agreed to sell the Deerwood Lot to Smith for $100,000; Mr. Sadler memorialized the agreement with Smith by way of text communications; Mr. Sadler learned that

7

the Bendas were wiring the purchase price for the sale and communicated to Smith that he was no longer interested in selling the Deerwood Lot; Mr. Sadler and the Bendas began negotiations concerning the rear lot; Mr. Sadler began removing trees and shrubbery from the lot; and Mr. Sadler thereafter continued to negotiate with the Bendas for the sale of the entire Deerwood Lot. (Doc. 1 at 2-3.)   Plaintiffs have sufficiently alleged that Mr. Benda personally participated in the discriminatory conduct.   Consequently, Mr. Benda is an appropriate party in this action.

In sum, Plaintiffs' burden at this stage of the litigation is simple and straightforward. They must allege sufficient facts to state a claim plausible on its face, and they have done so. Defendants have set forth additional facts not contained in the Complaint in support of their Motion to Dismiss, but the Court may not consider matters outside the pleadings.   Whether Plaintiffs may ultimately prevail on their discrimination claim, including whether they may establish the requisite but-for causation, will be determined after evidence has been presented. Thus, the Court will deny Defendants' Motion to Dismiss Count I.

**2. Breach of Contract (Count II)**

In Count II of the Complaint, Plaintiffs allege a breach of contract claim against Defendant Sadler Rentals based on Section 6(k) of the Contract.   This provision provides as follows:

> Seller shall conduct the operation of the Property in the ordinary course of business and, until Closing, will keep the Property, including all fixtures and equipment thereon, in the same order and condition as it is as of the date of this Agreement.

(Doc. 1-1 at 3.)   Plaintiffs allege that, after execution of the agreement, Sadler Rentals dumped materials on the Deerwood Lot, and that despite their demand through counsel to do so, Sadler Rentals failed to remove it prior to closing.

Defendants argue that Plaintiffs fail to state a claim for breach of contact based on the alleged dumping of materials on the property because Plaintiffs did not back out of the sale or insist that the materials be cleaned up before they would close on the property.   They further argue that Plaintiffs' individual claim against Mr. Sadler fails because Mr. Sadler was not a party to the sale and was not a signatory on the contract.

Plaintiffs respond that Defendants' waiver argument is an affirmative defense, and involves a question of fact that is not proper for a motion to dismiss.   Plaintiffs also clarify that they do not seek relief against Mr. Sadler individually in Count II.

In general, affirmative defenses may form the basis of a Rule 12(b)(6) motion to dismiss where the affirmative defense is apparent on the face of the complaint.   *A.H. ex rel. Hubbard v. Midwest Bus Sales, Inc*., 823 F.3d 448, 453 (8th Cir. 2016) ("For an affirmative defense such as res judicata to provide a basis for dismissal under Rule 12(b)(6), the affirmative defense must be apparent on the face of the complaint, which includes public records and materials embraced by the complaint and materials attached to the complaint.") (cleaned up).   The burden of pleading and proving such affirmative defenses is on Defendants.   *See Stanko v. Patton,* 228 F. App'x 623, 626 (8th Cir. 2007); *Associated Elec. Co-op. v. Sachs Elec. Co.,* No. 86–3336–CV–S–4, 1987 WL 14499, at *4 (W.D. Mo. Jan. 12, 1987) (refusing to dismiss where affirmative defense involved a question of fact).

Here, Defendants argue that Plaintiffs did not "insist that any alleged materials be cleaned

9

up before they could close on the property," and instead closed on the sale and "the matter was not raised again until Plaintiffs filed this lawsuit." (Doc. 7 at 7.) Plaintiffs allege in the Complaint, however, that the Bendas, through counsel, "requested that Sadler Rentals remove the discarded concrete prior to closing on the Sale Contract," and Sadler Rentals refused to remove the materials. (Doc. 1 at 6.) Because disputed issues of fact exist regarding the issue of waiver, Defendants have failed to meet their burden of proving their affirmative defense. Thus, Defendants' Motion to Dismiss Count II will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 6) is **denied.**

Dated this 19th day of April, 2023.

 /s/ *Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE