UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JASON BENDA, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) )  Case No. 1:22CV167 ACL |
| SADLER RENTALS, LLC, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiffs Jason Benda and Dr. Yuan Yuan Xie brought this discrimination action against Defendants Sadler Rentals, LLC, and Timothy Sadler.  Presently before the Court is Plaintiffs' Motion to Dismiss Defendants' Counterclaim for failure to state a claim upon which relief can be granted.  (Doc. 13.)  Defendants oppose the Motion.  (Doc. 15.)

**I.    Background**[1]

Plaintiffs Jason Benda and Dr. Yuan Yuan Xie ("Bendas") are husband and wife and residents of Cape Girardeau County, Missouri.  Dr. Xie was born in China, immigrated to the United States, and is of Chinese ethnic descent.  Defendant Timothy Sadler is the managing member of Sadler Rentals, a Missouri limited liability company doing business and owning property in Cape Girardeau County, Missouri.  Mr. Sadler is Caucasian.

The Bendas are the owners of real property located in Jackson, Missouri, where they reside ("Benda Residence").  Sadler Rentals previously owned real property located at 550 E.

---

[1] The facts that follow are based on the allegations set out in Defendants' Counterclaim, and are considered true for the purpose of the instant Motion.

1

Deerwood Drive in Jackson, Missouri ("Deerwood Lot").   The Deerwood Lot is an undeveloped lot that is directly adjacent to the Benda Residence.   The Deerwood Lot is also located between the Benda Residence and three other lots owned by Sadler Rentals upon which members of Mr. Sadler's family reside.

The Bendas were interested in acquiring the Deerwood Lot.   The Bendas inquired with Mr. Sadler concerning their interest in purchasing the property.   Mr. Sadler was familiar with the Bendas "either personally and/or through a real estate agent."   (Doc. 1 at 2.)   Mr. Sadler was unwilling to negotiate the sale of the Deerwood Lot with the Bendas.

The Bendas arranged with a third party, Noel Travis Smith, to have Mr. Smith enter into a contract with Sadler Rentals for the purchase of the Deerwood Lot, with the understanding that the Bendas would pay the purchase price and Mr. Smith would thereafter transfer the property to the Bendas.   Mr. Sadler agreed to sell the Deerwood Lot to Smith for $100,000.   Mr. Smith and Mr. Sadler memorialized the agreement by way of text communications and a written contract. Just prior to closing, Mr. Sadler learned that the Bendas were wiring the purchase price for the sale, and communicated to Mr. Smith that he was no longer interested in selling the Deerwood Lot.   Sadler Rentals thereafter refused to close the sale.

Mr. Sadler and the Bendas then began negotiations for Sadler Rental's sale of the rear approximately 80 percent portion of the Deerwood Lot to the Bendas.   The parties entered into an agreement for the Bendas to purchase the rear 80 percent of the Deerwood Lot for $75,000. Mr. Sadler and other agents of Sadler Rentals began removing trees and shrubbery from the Deerwood Lot, rendering the adjacent lot less appealing to the Bendas.   Thereafter, the Bendas and Mr. Sadler continued to negotiate the sale of the entire Deerwood Lot.

2

Despite its prior willingness to sell the entire Deerwood Lot to Mr. Smith for $100,000, Sadler Rentals refused to sell the Deerwood Lot to the Bendas for an amount less than $130,000. On September 30, 2022, Sadler Rentals and the Bendas entered into a contract pursuant to which the Deerwood Lot would be sold to the Bendas for $130,000 ("Contract").  Prior to the closing of the Sale, Mr. Sadler and/or Sadler Rentals caused debris to be dumped on the Deerwood Lot, including discarded concrete.  The parties ultimately closed on the Contract on October 21, 2022, for the sale price of $130,000.

Plaintiffs' Complaint first alleges that Defendants discriminated against the Bendas on the basis of Dr. Xie's race and ethnicity in violation of 42 U.S.C. § 1981.  Plaintiffs also assert that Sadler Rentals breached the Contract by causing materials to be dumped on the Deerwood Lot after the execution of the Contract, and then refusing to remove the materials from the Deerwood Lot prior to closing.

On April 19, 2023, the Court denied Defendants' Motion to Dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted, finding Plaintiffs had alleged sufficient facts to state plausible claims.  (Doc. 10.)

On April 25, 2023, Defendant Sadler Rentals filed a Counterclaim asserting a breach of contract claim against the Bendas.  (Doc. 11.)   The Counterclaim consists of the following allegations:

1. Defendant Sadler Rentals, LLC, incorporates each and every averment as if fully restated herein.
2. As part of the Sale Contract referenced throughout Plaintiffs' Complaint, defendant Sadler Rentals, LLC, entered into a contract to sell residential real property to Plaintiffs.
3. Sadler Rentals, LLC, has performed its duties pursuant to the terms of the contract and the parties/agreement.
4. Plaintiffs Jason Benda and Dr. Yuan Xie breached the Sale Contract by

3

> inducing Sadler Rentals, LLC to negotiate and sell the subject real property, for the agreed upon price, all the while, Plaintiffs were planning on filing a meritless suit for racial discrimination and breach of contract.
> 5. As a direct, foreseeable, and proximate result of the Plaintiffs' breach of contract, Sadler Rentals, LLC, has suffered actual damages of not less than $75,000, the precise amount of which will be proven at trial.

*Id.* at p. 5-6.

In their Motion to Dismiss, Plaintiffs argue that the Counterclaim should be dismissed for failure to state a claim upon which relief can be granted, because it fails to properly allege the element of breach. Defendant responds that the Counterclaim pleads all of the requisite elements for a breach of contract claim.

## II.   Legal Standard

"To survive a motion to dismiss for failure to state a claim, the complaint must show the plaintiff 'is entitled to relief,' Fed. R. Civ. P. 8(a)(2), by alleging 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *In re Pre-Filled Propane Tank Antitrust Litig.*, 860 F.3d 1059, 1063 (8th Cir. 2017) (en banc) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In reviewing a Rule 12(b)(6) motion, the Court accepts all factual allegations as true and construes all reasonable inferences in the light most favorable to the nonmoving party. *Usenko v. MEMC LLC*, 926 F.3d 468, 472 (8th Cir. 2019), *cert. denied*, 140 S. Ct. 607 (2019). The Court does not, however, accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts. *Waters v. Madson*, 921 F.3d 725, 734 (8th Cir. 2019).

## III.   Discussion

Under Missouri law, a breach of contract claim requires the following elements: "(1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant

to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Keveney v. Missouri Military Acad.*, 304 S.W.3d 98, 104 (Mo. banc 2010) (citing *Howe v. ALD Servs., Inc.*, 941 S.W.2d 645, 650 (Mo. Ct. App. 1997)).

There is no dispute that Defendant has sufficiently alleged the first two elements and the fourth element.  Plaintiffs argue that Defendant has not adequately alleged the third element: that Plaintiffs breached the Contract.  The undersigned agrees.

The only allegation in the Counterclaim regarding the element of breach is the following statement: Plaintiffs "breached the Sale Contract by inducing Sadler Rentals, LLC to negotiate and sell the subject real property, for the agreed upon price, all the while, Plaintiffs were planning on filing a meritless suit for racial discrimination and breach of contract."  (Doc. 11 at p. 5-6.)  According to this statement, Plaintiffs *performed* its obligations under the Contract. That is, Defendant states that the property *was sold for the agreed upon price*.  Plaintiffs' subsequent filing of a lawsuit against Defendant does not amount to nonperformance or breach of the Contract.  Although Defendant alleges Plaintiffs "induced" the negotiation and sale of the property, Defendant provides no facts to support this bare legal conclusion.  To the extent Defendant is attempting to assert a fraud in the inducement claim, such a claim similarly fails due to the absence of any supporting facts.  Because Defendant's Counterclaim lacks any factual allegations to support the element of breach, Defendant has failed to state a plausible claim for breach of contract.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Dismiss Defendants' Counterclaim (Doc. 13) is **granted.**   A separate Order of Dismissal accompanies this Memorandum and Order.

Dated this 25th day of September, 2023.

                                                   /s/ *Abbie Crites-Leoni*
                                                  ABBIE CRITES-LEONI
                                                  UNITED STATES MAGISTRATE JUDGE